MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: (714) 668-2400
FACSIMILE: (714)- 668-2490

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com

**Attorneys for Defendant**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN LETULIGASENOA<br><br>PLAINTIFF,<br><br>VS.<br><br>ACE CASH EXPRESS, INC., AND DOES 1 THROUGH 10<br><br>Defendant. | Case No.<br><br>**DEFENDANT ACE CASH EXPRESS, INC.'S NOTICE OF REMOVAL**<br><br>[Removed from Superior Court of the State of California, for the County of Alameda, Case No. RG17862899]<br><br>Summons and Complaint Served: June 7, 2017 |

ACE Cash Express, Inc., ("ACE Cash"), hereby files this Notice of Removal pursuant to 28 U.S.C. §1446(d) and in support thereof would respectfully show the Court as follows:

**I.   PROCEDURAL BACKGROUND**

1.   On June 6, 2017, Plaintiff Coleen Letuligasenoa ("Plaintiff") filed the Complaint in this action in the Superior Court of California, Alameda County, Case No. RG17862899, ("State Court Action") against Defendant alleging damages, injunctive and declaratory relief for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq., ("RFDCPA"). A

1  complete and accurate copy of the Summons in the State Court Action is attached hereto as **Exhibit A.**

2. A complete and accurate copy of the Complaint in the State Court Action is attached hereto as **Exhibit B.**

3. A complete and accurate copy of the Superior Court's Docket and all additional pleadings filed to date in the Superior Court Action are attached hereto as **Exhibit C.**

4. The time period for filing a responsive pleading in the Superior Court Action has not expired as of the filing of this Notice of Removal.

5. ACE Cash was served with Plaintiff's Summons and Complaint on June 7, 2017.

6. This Notice of Removal is being filed within the 30 day time period required by 28 U.S.C. §1446(b).

## II.   GROUNDS FOR REMOVAL

7. The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States. Removal is thus proper because Plaintiff's claims present a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). In the Complaint, Plaintiff seeks damages for Defendant's alleged violations of the TCPA and RFDCPA. Moreover, any future claims based on state law may be adjudicated by this Court pursuant to 28 U.S.C. §1367.

## III.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. Pursuant to 28 U.S.C. §1446(b), this Notice is being filed with this Court within thirty (30) days after ACE Cash was served with a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

9. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

10. Promptly after the filing of this Notice of Removal, ACE Cash will give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda, as required by 28 U.S.C. §1446(d).

11. Other than those attached and referenced in Exhibits A - C, no other proceedings, process, pleadings, orders or other papers have been filed or served in the Superior Court Action. Trial has not commenced in Superior Court of California, Alameda County, Case No. RG17862899.

12. By filing this Notice of Removal, ACE Cash consents to the removal of this case.

WHEREFORE, ACE Cash Express, Inc., respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

DATED: July 7, 2017

**MUSICK, PEELER & GARRETT LLP**

By: /s/ Donald E. Bradley

Donald E. Bradley
*Attorneys for Defendant ACE Cash Express, Inc.*

EXHIBIT A

Case 3:17-cv-03859-JCS   Document 1   Filed 07/07/17   Page 5 of 19

Fax Server
To: 13232073885  From: +Restricted  Date: 06/06/17  Time: 9:43 AM  Page: 01
6/6/2017 9:43:39 AM  PAGE  1/001  Fax Server

6/7/17@3pm

To: 15102675739  From: 13232073885  Date: 06/06/17  Time: 8:19 AM  Page: 09/11

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACE CASH EXPRESS, INC., and DOES 1 through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COLLEEN LETULIGASENOA, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY
June 06, 2017
CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Rene C. Davidson Courthouse
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** RG17862899

1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin, Esq., Erin Rounds, Esq., 4655 Cass St., Ste. 410 S_____ ___ _____ ?2109 (800) 219-3577

DATE: June 06, 2017            Clerk, by _____, Deputy
*(Fecha)*                      *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ace Cash Express, Inc.
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT B

|  |  |
|---|---|
| L. Paul Mankin (SBN 264038)<br>Erin Rounds (SBN 314457)<br>The Law Office of L. Paul Mankin<br>4655 Cass St., Ste. 410<br>San Diego, Ca 92109<br>Phone: (800)-219-3577<br>Facsimile: (323) 207-3885<br>pmankin@Paulmankin.com<br>erounds@paulmankin.com<br>Attorney for Plaintiff | **FILED BY FAX**<br>ALAMEDA COUNTY<br>June 06, 2017<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy<br>CASE NUMBER:<br>**RG17862899** |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR ALAMEDA COUNTY

## LIMITED JURISDICTION

| | |
|---|---|
| COLLEEN LETULIGASENOA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ACE CASH EXPRESS, INC., and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>Amount not to exceed $10,000.00<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act;<br>2. Violation of the Telephone Consumer Protection Act. |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

COMPLAINT - 1

Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## PARTIES

2. Plaintiff Collen Letuligasenoa ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of San Leandro, in Alameda County, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, Ace Cash Express (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff at Plaintiff's telephone number ending in -3306 in an attempt to collect an alleged outstanding consumer debt.

COMPLAINT - 2

7. This alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

8. Defendant has regularly placed calls to Plaintiff in its attempt to collect the alleged debt via Plaintiff's cellular phone.

9. Within one year prior to the filing of this action, specifically on or around April of 2017, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

10. As an illustrative example, and not one of limitation, Defendant contacted Plaintiff five times on April 1, 2017, at 8:06 am, 8:55 am, 10:11 am, 11:24 am, 12:10 pm.

11. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

12. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

13. Within four years prior to the filing of this action, specifically on or around April of 2017, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce

COMPLAINT - 3

telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B). The frequency of the telephone calls placed to Plaintiff's cellular telephone number indicate the use of an "automatic telephone dialing system."

14. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

15. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

16. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

17. Defendant is not a tax-exempt nonprofit organization.

18. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff

19. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

   b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

   c) Committing any conduct the natural consequence of which is to harass, oppress, or abuse any person (Cal. Civ. Code § 1692d);

   d) Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law (§ 1692f(1));

COMPLAINT - 4

e) Causing the consumer's telephone to ring or engaging any person in telephone conversations repeatedly (Cal. Civ. Code § 1692d(5)).

20. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT 1: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLCTION PRACTICES ACT

21. Plaintiff reincorporates paragraphs 1 through 18 as if fully written herein.

22. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

23. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages

C. Costs and reasonable attorney's fees; and

D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

26. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

29. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request s$500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by

COMPLAINT - 6

statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;

C. Any and all other relief that the Court deems just and proper;

### PLAINTIFF HEREBY REQUESTS A JURY TRIAL

Date: May 5, 2017

*[signature]*

Erin Rounds, Esq.
Attorney for Plaintiff

EXHIBIT C

# Case Details

**Case Number:** RG17862899

**Title:** Letuligasenoa VS Ace Cash Express, Inc.

- Case Summary
- Register of Action
- Participants
- Tentative Rulings
- Future Hearings
- Minutes

| Date | Description | Pages | Price | | Select |
|---|---|---|---|---|---|
| 6/12/2017 | Notice of Assignment of Judge for All Purposes Issued | 4 | $4.00 | Half Page Preview | ☐ |
| 6/12/2017 | Initial Case Management Conference 10/19/2017 09:15 AM D- 15 | 2 | | View | |
| 6/6/2017 | Summons on Complaint Issued and Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 6/6/2017 | Civil Case Cover Sheet Filed for Colleen Letuligasenoa | 2 | $2.00 | Half Page Preview | ☐ |
| 6/6/2017 | Complaint - Other Non-PI/PD/WD Tort Filed | 7 | $6.00 | Half Page Preview | ☐ |

Page: 1 of 1

Add Item(s) to buy

Back to Search Results

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

Log In

**DomainWeb**
*your resource for case filing information*

Buy Credits    Checkout (1 item(s))

DomainWeb    How This Site Works    FAQ

⌐ The Law Office of L. Paul Mankin ⌐                   ⌐                                              ⌐
   Attn: Mankin IV, Paul
   4655 Cass St., Ste 410
   San Diego, CA   92109___
⌐                                                      ⌐                                              ⌐

## Superior Court of California, County of Alameda

| Letuligasenoa | | No. RG17862899 |
|---|---|---|
| | **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | | **CONFERENCE AND ORDER** |
| Ace Cash Express, Inc. | | Limited Jurisdiction |
| | **Defendant/Respondent(s)** | |
| (Abbreviated Title) | | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **10/19/2017** | Department: **15** | Judge: **Ioana Petrou** |
|---|---|---|
| Time: **09:15 AM** | Location: **Administration Building** | Clerk: **Pamela Drummer-** |
| | **Third Floor** | **Williams** |
| | **1221 Oak Street, Oakland CA 94612** | Clerk telephone: **(510) 267-6931** |
| | | E-mail: |
| | | **Dept.15@alameda.courts.ca.gov** |
| | Internet: **www.alameda.courts.ca.gov** | Fax: **(510) 267-1503** |

### ORDERS

1. **Plaintiff must:**

    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. Give notice of this conference to all other parties and file proof of service.

2. **Defendant must respond as stated on the summons.**

3. **All parties who have appeared before the date of the conference must:**

    a. **Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to www.alameda.courts.ca.gov/ff.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at www.alameda.courts.ca.gov/dc.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/13/2017.

By _____
Deputy Clerk

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On July 7, 2017, I served true copies of the following document(s) described as **DEFENDANT ACE CASH EXPRESS INC.'S NOTICE OF REMOVAL; CIVIL COVER SHEET** on the interested parties in this action as follows:

> L. Paul Mankin
> Erin Rounds
> The Law Offices of L. Paul Mankin
> 4655 Cass St., Suite 410
> San Diego, CA 92109
> 800-219-3577
> F: 323-207-3885
> pmankin@paulmankin.com
> erounds@paulmankin.com
> ***Attorneys for Plaintiff***

☐ BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court

X BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Musick, Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 7, 2017, at Costa Mesa, California.

*/s/ Jeanette Petzold*

Jeanette Petzold